## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ISNI GJURAJ, | : | |
| Petitioner, | : | CIVIL CASE NO. |
| | : | 3:12-CV-1686 (JCH) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | JULY 10, 2013 |
| Respondent. | : | |

### RULING RE: PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [Doc. Nos. 1, 2]

Petitioner Isni Gjuraj proceeds pro se, pursuant to section 2255 of title 28 of the United States Code, to vacate, set aside, or correct his federal criminal sentence of 320 months of imprisonment, followed by five years of supervised release. See Mot. to Vacate (Doc. No. 1); Mot. to Amend Gjuraj 2255 Mot. (Doc. No. 2) ("Supp. Mot. to Vacate"). Gjuraj argues that his counsel was ineffective at sentencing by failing to object to the imposition of a sentence of 320 months of imprisonment on Count Two of the Second Superseding Indictment. See Mot. to Vacate at 5; Supp. Mot. to Vacate at 6–15. The government argues that Gjuraj's Motion should be dismissed because it is procedurally barred, because defense counsel was not constitutionally deficient under Strickland v. Washington, 466 U.S. 668 (1984), and because any alleged deficiency did not impact Gjuraj's overall sentence.

### I.    BACKGROUND

#### A.  District Court

On March 12, 2008, a federal grand jury returned a Second Superseding Indictment charging Gjuraj and others with, among other things, retaliating against a witness, victim, or informant, in violation of sections 1513(a)(1)(B) and 1513(a)(2)(B) of

1

title 18 of the United States Code ("Count Two"), and conspiracy to possess with intent to distribute fifty or more grams of cocaine base, in violation of sections 841(a)(1) and 841(b)(1)(A)(iii) of title 21 of the United States Code ("Count Four").  See Indictment at GA 26, 27–28.[1]

On November 14, 2008, Gjuraj pled guilty to Counts Two and Four of the Second Superseding Indictment.  Minute Entry No. 396, Dkt. No. 07-cr-289 (MRK), at GA 11; Plea Agreement at GA 43–44.  Gjuraj also pled guilty to a one-count Information charging him with robbery ("Count One"), in violation of The Hobbs Act, 18 U.S.C. § 1951.  See Minute Entry Nos. 1, 2, Dkt. No. 08-cr-233 (MRK), at GA 18; Information at GA 41–42; Plea Agreement at GA 44.  The signed plea agreement contained the following two paragraphs in a section titled "Stipulation of Offense Conduct":

> From in or about January 2007 to in or about February 2008, the defendant agreed with others named and not named in the Second Superseding Indictment to knowingly and intentionally distribute and to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base.  The defendant acknowledges and stipulates that his conduct as a member of the narcotics conspiracy charged in Count Four, which includes the readily foreseeable conduct of other members of that conspiracy, involved at least 4.5 kilograms of a mixture and substance containing a detectable amount of cocaine base.

> Moreover, on December 24, 2007, defendant Gjuraj attempted to murder, or aided, abetted, induced or procured others named in the Second Superseding Indictment, to attempt to murder another individual with the intent to retaliate against that person for providing information to a law enforcement officer relating to the commission or possible commission of a narcotics trafficking offense.  Defendant Gjuraj also procured a firearm for use in the commission of the offense with the intent and knowledge that it would be used to murder, or to attempt to murder, the victim.  A firearm was discharged during the course of the offense[,] and the victim sustained serious bodily injury.

_____

[1] The government has submitted, along with its Opposition Memorandum, the Appendices filed on direct appeal by Gjuraj and the government.  See Gjuraj Appendix ("GA") (Doc. Nos. 6-1 to 6-2); Gov't Appendix ("GSA") (Doc. Nos. 6-3 to 6-5).  The court will cite to GA and GSA, where possible.

Plea Agreement at GA 54.  Gjuraj also stipulated, under the Plea Agreement, that his total offense level was 41 and that his Criminal History Category was I, resulting in a range of imprisonment of 324 to 405 months, subject to a mandatory minimum term of imprisonment of 120 months.  See id. at GA 44, 47–48.

During the change of plea hearing, the district court informed Gjuraj of the statutory maximums for the offenses for which he was pleading guilty.  The court correctly informed Gjuraj that the offense specified in Count Four of the Second Superseding Indictment carried a statutory maximum of life and that the offense specified in Count One of the Information carried a statutory maximum of twenty years of imprisonment.  See Change of Plea Tr. at GA 61.  However, the court incorrectly informed Gjuraj that the offense specified in Count Two of the Second Superseding Indictment carried a statutory maximum of thirty years of imprisonment.  See id.

On August 5, 2009, the district court held a sentencing hearing as to Gjuraj.  The court confirmed that Gjuraj had reviewed the Presentence Report ("PSR") and had had an opportunity to discuss it with counsel.  GSA 70.  The court then adopted the PSR's factual statements and guidelines analysis and calculations, resulting in a total offense level of 41, a Criminal History Category of I, and a range of imprisonment of 324 to 405 months.  GSA 71, 74–76.  Gjuraj agreed that the court recited the guidelines calculations correctly and did not object to the parties' understanding that Count Two of the Second Superseding Indictment carried with it a maximum term of imprisonment of thirty years.  GSA 72, 77.

Prior to imposing its sentence, the court described the principles governing its consideration of the sentencing guidelines.  The court noted that the guidelines were not

binding or mandatory, but nonetheless must be considered along with the other factors listed in section 3553(a) of title 18 of the United States Code.  GSA 72–73.  Then, with respect to Gjuraj's situation, the court stated:

> In terms of the specifics in your case, Mr. Gjuraj, there are things on both sides.  I'm going to start with the negative ones, and the negative ones are pretty bad.  This is a horrendous set of crimes.  Paying somebody to murder somebody else who had the temerity to get you arrested and cooperate with the federal government is beyond not acceptable behavior.  It is behavior that we should punish, and we should punish severely so that others don't do the same thing.
>
> Secondly, this drug operation is a massive drug operation which was fuelled by your desire for just greed.  Just greed.  And the aspects of it that we've been talking about show I think a recklessness on your part, which is not excusable.  I mean, storing drugs on the school playground, hiring people to murder others, dealing in firearms, dealing in multiple kilograms of cocaine every day, and then kicking the door down of a 60-year-old woman and threatening to shoot her if she doesn't give you her ring.  This kind of behavior, I've not seen before, frankly, in the cases before me.  So that your family members should just know, . . . we are dealing with a scale of conduct here that is really off the scale from the kind of cases I typically see.  Dealing drugs since 1998, over ten years.

GSA 164–65.  The court then proceeded to discuss the guidelines:

> [O]ne could make decent arguments that your guideline ranges should be higher than what they are.  Now, I'm not going to go there, but you didn't get certain additional points that would have pushed them higher and as it is, your guideline range is 324 to 405 months.  405 months.  And while ordinarily I usually choose the bottom of the range, when I am faced with serious crimes, I go up to the middle or the high end of the range.
>
> So when I said earlier that we were talking about 20 to 30 years, the reality is we are talking about even more.  It could be even more.  The government is asking for 30[;] I know your counsel's asking for 19 and 20.
>
> Frankly, I'm not going to choose either of those, but I am going to choose a sentence closer to the government's because I do think that the seriousness of this offense behavior needs to be punished severely.

GSA 167.

The court then sentenced Gjuraj to 320 months of imprisonment on each of

Counts Two and Four of the Second Superseding Indictment, followed by five years of supervised release.  Minute Entry No. 753, Dkt. No. 07-cr-289 (MRK), at GA 15; Sentencing Tr. at GA 95; Judgment at GA 96.  The court also sentenced Gjuraj to 240 months of imprisonment on Count One of the Information, to run concurrently with the 320-month sentences for Counts Two and Four, followed by three years of supervised release.  Minute Entry No. 20, Dkt. No. 08-cr-233 (MRK), at GA 20.  Judgment entered on August 6, 2009.

     B.  <u>Direct Appeal</u>

     Gjuraj timely filed notices of appeal.  <u>See</u> Minute Entry No. 21, Dkt. No. 08-cr-233 (MRK), at GA 20 (filing Notice of Appeal for robbery sentence on August 13, 2009); Minute Entry No. 767, Dkt. No. 07-cr-289 (MRK), at GA 16 (filing Notice of Appeal for witness retaliation and drug conspiracy sentences on August 17, 2009).  On April 6, 2010, Gjuraj's appellate counsel filed an appeal, arguing that the district court erred when it imposed a 320-month sentence on Count Two of the Second Superseding Indictment, which exceeded the 240-month statutory maximum for the offense.  Gjuraj also claimed that the district court erred by failing to cap his sentencing guideline for Count Two at 240 months.  On August 3, 2010, Gjuraj filed a <u>pro se</u> supplemental brief, in which he argued that the district court erred by relying on United States Sentencing Guideline ("U.S.S.G.") § 2A2.1, which deals with attempted murder, rather than U.S.S.G. § 2J1.2, which deals with obstruction of justice.

     On March 11, 2011, the Second Circuit affirmed Gjuraj's conviction and sentence by Summary Order.  <u>See</u> <u>United States v. Gjini</u>, 419 Fed. Appx. 4 (2d Cir. 2011).  The Second Circuit agreed with Gjuraj that the district court erred by sentencing Gjuraj to a

term of imprisonment that exceeded the statutory maximum, but held that Gjuraj had not been prejudiced by that error "because Gjuraj received a concurrent 320-month sentence on [Count Four of the Second Superseding Indictment]." Id. at 6.  The Second Circuit also rejected Gjuraj's claim that the district court improperly relied on U.S.S.G. § 2A2.1, noting that "the district court properly applied the Guideline applicable to Gjuraj's actual conduct" of attempted murder.  Id. at 8.  On November 28, 2011, the U.S. Supreme Court denied Gjuraj's petition for certiorari.

## II.    STANDARD OF REVIEW

"Because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack."  Ciak v. United States, 59 F.3d 296, 301 (2d Cir. 1995) (internal citation omitted).  "As a general rule, relief is available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Napoli v. United States, 32 F.3d 31, 35 (2d Cir. 1994) (internal citations and quotation marks omitted).  Because Gjuraj is proceeding pro se, the court must read his "submissions broadly so as to determine whether they raise any colorable legal claims." Parisi v. United States, 529 F.3d 134, 139 (2d Cir. 2008) (citing Weixel v. Bd. of Educ., 287 F.3d 138, 145–46 (2d Cir. 2002)).

Section 2255 provides that, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing

thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  To determine whether Gjuraj is entitled to an evidentiary hearing on his motion, the court looks "primarily to the affidavit or other evidence proffered in support of the application in order to determine whether, if the evidence should be offered at a hearing, it would be admissible proof entitling the petitioner to relief." LoCascio v. United States, 395 F.3d 5 1, 57 (2d Cir.2005) (quoting Dalli v. United States, 491 F.2d 758, 760 (2d Cir.1974)).  "The petitioner must set forth specific facts which he is in a position to establish by competent evidence."  Id. (quoting Dalli, 491 F.2d at 761).

## III.   DISCUSSION

To challenge his conviction on the basis that his counsel was ineffective, Gjuraj must satisfy a two-part test.  First, he must demonstrate that his counsel's performance "fell below an objective standard of reasonableness."  Strickland v. Washington, 466 U.S. 668, 687–88 (1984); see also United States v. Abad, 514 F.3d 271, 275 (2d Cir. 2008).  Second, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  A petitioner "bears the burden of proving that counsel's representation was unreasonable under the prevailing professional norms." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).  The reasonableness of counsel's performance is to be viewed from the perspective of counsel at the time, and "the standard of review is highly deferential."  Id.  "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  Indeed, the Second Circuit has

"declined to deem counsel ineffective notwithstanding a course of action (or inaction) that seems risky, unorthodox, or downright ill-advised." Tippens v. Walker, 77 F.3d 682, 686 (2d Cir. 1996). When a petitioner challenges his sentence based on an alleged error in sentencing, he must show a "fundamental error of fact that would render [his] sentencing proceeding so irregular and invalid that relief under § 2255 would be appropriate." United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (vacating judgment reducing defendant's sentence under Fed. R. Crim. P. 35).

    A.  Use of Attempted Murder Guideline for Count Two

    Gjuraj argues that his counsel was ineffective for failing to object to the use of the attempted murder Guideline to calculate his offense level for Count Two. Supp. Mot. to Vacate at 7. On direct appeal, the Second Circuit noted that the sentencing court "properly applied the Guideline applicable to Gjuraj's actual conduct—here, attempted murder—which was more serious than his offense of conviction." Gjini, 419 Fed. Appx. at 8. Because Gjuraj "assented to the statement of facts set forth in the stipulation of offense conduct, which established all the elements of attempted murder," the Second Circuit held that his guilty plea "contained a stipulation that specifically established a more serious offense than the offense of conviction." Id. (citing U.S.S.G. § 1B1.2(a)) (alterations omitted).

    This court agrees. Although the Guidelines direct a court to use the offense guideline section "applicable to the offense of conviction," it then states that "in the case of a plea agreement . . . containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense guideline section . . . applicable to the stipulated offense." U.S.S.G. § 1B1.2. In the signed Plea

Agreement, Gjuraj stipulates that he "attempted to murder, or aided, abetted, induced or procured others . . . to attempt to murder another individual . . . ."  Plea Agreement at GA 54.  Accordingly, it was not "unreasonable under the prevailing professional norms" for counsel to fail to object to the sentencing court's use of the offense guideline section of attempted murder for Count Two.  See Kimmelman, 477 U.S. at 381.

     B.  Capping the Guidelines Range for Count Two

     Gjuraj argues that, under Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Cordoba Murgas, 422 F.3d 65 (2d Cir. 2005), it was error for the court to "expose" him to a sentence above the twenty-year maximum for the offense of witness retaliation under Count Two, see Reply Br. (Doc. No. 9) at 3–5; see also Mot. to Vacate at 3 (arguing that the court erred by "failing to cap the Guidelines Sentencing Range at the statutory maximum [of 240 months], as required by U.S.S.G. § 5G1.1(a).").

     Those cases are distinguishable.  In Cordoba Murgas, the defendant was indicted for a drug crime involving an unspecified amount of drugs.  The Second Circuit held that the defendant could not stipulate to an amount of drugs and then be sentenced, to a drug crime involving a specified amount of drugs, where that sentence would be "above the statutory maximum" for the crime named in the indictment. Cordoba Murgas, 422 F.3d at 66.  Similarly, in Apprendi, the Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 530 U.S. at 490.

     Here, the offense named in Count Two of the Second Superseding Indictment

was witness retaliation.  Although the court used Gjuraj's stipulated offense conduct to apply a guidelines section regarding attempted murder, it did not use Gjuraj's stipulated offense conduct to alter the statutory maximum for Count Two.  The court did not sentence Gjuraj for attempted murder, and it did not use the stipulated conduct to impose a sentence beyond what it mistakenly understood to be the prescribed statutory maximum for witness retaliation.

Additionally, the Sentencing Guidelines expressly permits the use of an offense guideline section applicable to a different offense than the offense charged in an indictment, so long as the eventual sentence imposed is "limited . . . to the maximum authorized by the statute under which the defendant is convicted."  U.S.S.G. § 1B1.2, n.1.  Indeed, the Sentencing Guidelines expressly contemplates that the guideline range for a count may exceed the statutory maximum for the offense.  If that occurs, the court is directed to use the statutory maximum sentence as the guideline sentence.  U.S.S.G. § 5G1.1(a).

Accordingly, defense counsel's failure to object under Apprendi and Cordoba Murgas was not objectively unreasonable.[2]

### C.  Incorrect Statutory Maximum for Count Two

Gjuraj also argues that counsel was ineffective for failing to object to the

---

[2] Gjuraj also argues that defense counsel's failure to object to the court's use of the attempted murder offense guidelines section was prejudicial because it "affected the combined adjusted offense level under U.S.S.G. § 3D1.4."  Supp. Mot. to Vacate at 12.  The PSR, which the sentencing court adopted, calculated adjusted offense levels of 39 for Count Two and 42 for Count Four.  PSR ¶¶ 41, 47.  The Counts were each placed in separate groups, as directed by U.S.S.G. § 3D1.2.  Because the adjusted offense level for Count Two was within one to four levels of the adjusted offense level for Count Four, the PSR added two points to Count Four's adjusted offense level to create the combined adjusted offense level as directed by the Guidelines.  See PSR ¶¶ 54–60; U.S.S.G. § 3D1.4.  Gjuraj argues that, if the attempted murder guideline calculation had not been used for Count Two, then the adjusted offense level for Count Two would have not been within one to four levels of the adjusted offense level for Count Four and would not have required adding two points to Count Four.  This argument fails because the sentencing court correctly used the attempted murder guideline calculation for Count Two.

incorrectly stated statutory maximum for Count Two.  The parties do not dispute that the court incorrectly stated that the statutory maximum for Count Two was thirty years rather than twenty years.  The court assumes, without deciding, that counsel's failure to object was deficient under Strickland,[3] because any such deficiency did not "render [Gjuraj's] sentencing proceeding so irregular and invalid that relief under § 2255 would be appropriate."  Bokun, 73 F.3d at 12.

The Second Circuit has held that "an erroneous sentence on one count of a multiple-count conviction does not affect substantial rights where the total term of imprisonment remains unaffected . . . ."  United States v. Outen, 286 F.3d 622, 640 (2d Cir. 2002); see Gjini, 419 Fed. Appx. at 6 (quoting Outen); United States v. Samas, 561 F.3d 108, 111 (2d Cir. 2009) (finding that erroneously imposed sentences on three counts did not affect defendant's substantial rights because they were to run concurrently with a fourth, longer sentence, thus leaving total term of imprisonment unaffected).

On direct appeal, the Second Circuit agreed that the sentencing court erred in imposing a 320-month sentence on Count Two (witness retaliation), which had a twenty-year statutory maximum at the time Gjuraj committed the offense.  However, the Second Circuit noted that Gjuraj's total term of imprisonment remained unchanged because he had also been sentenced to a concurrent 320-month sentence on Count Four (narcotics distribution).  Accordingly, Gjuraj "fail[ed] to show that the error affected his substantial rights or the fairness, integrity, or public reputation of judicial

---

[3] The court notes that, although the statutory maximum for witness retaliation was twenty years at the time Gjuraj committed the offense, it had been increased to thirty years in January 2008, before Gjuraj's sentencing.  See Gjuraj, 419 Fed. Appx. at 6.  Moreover, not only did defense counsel fail to raise the fact that the stated statutory maximum was incorrect, but the Government and the U.S. probation officer assigned to Gjuraj also failed to raise that fact.

proceedings." Gjini, 419 Fed. Appx. at 6 (internal quotation marks and citation omitted).[4]

This court agrees with the Second Circuit's analysis.  Even if counsel had "brought to the District Court's attention the impropriety of imposing a [320-month] sentence in excess of the 20-year statutory maximum" on Count Two, see Supp. Mot. to Vacate at 10, Gjuraj's effective sentence would have remained at 320 months because of the concurrent 320-month sentence on Count Four, which was well within the statutory maximum of life imprisonment on that Count.  Moreover, even keeping in mind that pro se submissions should be construed broadly, see Parisi, 529 F.3d at 139, Gjuraj seeks resentencing only on Count Two and not also on Count Four, see Mot. to Vacate at 13.  Accordingly, Gjuraj cannot show that there is a "reasonable probability" that, but for counsel's failure to object to the sentence on Count Two, "the result of the proceeding would have been different."  See Strickland, 466 U.S. at 694.

## IV.   CONCLUSION

For the foregoing reasons, the court **DENIES** Gjuraj's Motion to Vacate (Doc. No. 1) and his Supplemental Motion to Vacate (Doc. No. 2).  Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, any appeal from this order would not be taken in good faith and a certificate of appealability shall not issue.  The Clerk is directed to close the case.

---

[4] Despite finding that the imposition of a 320-month sentence on Count Two was error, the Second Circuit did not remand with instructions to correct the judgment.

**SO ORDERED.**

Dated at New Haven, Connecticut this 10th day of July, 2013.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge